UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MATTIE JEAN HICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:13-cv-00106-RLY-TAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Mattie Hicks, appeals the Administrative Law Judge's decision denying her application for supplemental social security income. Pursuant to 28 U.S.C. § 636, the court referred the matter to the Magistrate Judge (Filing No. 21), who submitted his report and recommendation on May 15, 2014. (Filing No. 23). Defendant, Carolyn W. Colvin, acting Commissioner of Social Security (the "Commissioner"), objects to the Magistrate Judge's Report and Recommendation. (Filing No. 27). Hicks did not respond to the objections. For the reasons set forth below, the court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation.

**I.    Background**

Hicks suffers from several impairments including cervical and lumbar degenerative disc disease, asthma, Leiden factor V deficiency, and bipolar disorder.

1

She filed for supplemental social security income on March 22, 2010, alleging her disability began on January 1, 2009. The claim was initially denied on August 2, 2010, and again upon reconsideration on January 5, 2011. On January 31, 2012, the ALJ held a hearing where Hicks amended her alleged onset date to March 22, 2010. On April 9, 2012, the ALJ denied her claim.

## II. Standard of Review of Magistrate Judge's Report and Recommendation

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

## III. Discussion

Hicks asserts that the ALJ erred in three ways: (1) not considering all the relevant medical evidence presented to him, (2) failing to discuss Hicks' global assessment of functioning scores ("GAF scores"), and (3) failing to provide the vocational expert with a hypothetical question that accounted for Hicks' bipolar disorder. The Magistrate Judge agreed that the failure to consider the Office Treatment Records from Lifespring Mental Health ("Exhibit 37F") and the failure to consider the GAF scores contained within

2

Exhibit 37F require the court to remand the case. The Commissioner objects to these findings, arguing that the ALJ supported his decision with substantial evidence thereby building the requisite logical bridge, or in the alternative, the ALJ's failure was harmless error.

A. Review of ALJ's Decision

The Social Security regulations provide a five-step sequential to determine whether a plaintiff is disabled.[1] The ALJ followed the five-step sequential. The Plaintiff objects to the ALJ's findings in Step 2 of the sequential that her bipolar disorder was not a severe impairment. The court must uphold the ALJ's decision if substantial evidence supports his findings. *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). "[T]he substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ need not mention every piece of evidence in the record, so long as he builds a logical bridge from the evidence to his conclusion." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

In evaluating step 2, the ALJ found that Hicks' physical impairments were severe, but her bipolar disorder was non-severe. An impairment or combination of impairments

---

[1] These steps are: whether the plaintiff (1) is currently unemployed, (2) has a severe impairment, (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations, (4) is unable to perform past relevant work, and (5) is unable to perform any other work in the national economy. 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Id.*

is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. An impairment or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work is non-severe. *See* 20 C.F.R. § 416.921. In finding that her bipolar disorder was non-severe, the ALJ found that

> [s]he has been treated with medication and outpatient counseling, and reports improvement with this treatment. She was hospitalized in June 2011 after a suicide attempt, but by her outpatient session in July 2011, her condition had improved significantly. Without more, the [ALJ] must find this impairment non-severe.

The ALJ only mentioned the treatment notes contained in Exhibit 37F in a string cite following the above conclusion. In evaluating the severity of Hicks' mental impairments, the ALJ weighed the four broad functional areas set out in the regulations, known as "paragraph B" criteria and found mild limitations. The regulations state that a finding of "none" or "mild" is non-severe. In evaluating these areas, the ALJ did not cite to or rely on Exhibit 37F.

The ALJ proceeded to evaluate the remaining steps. In evaluating Hicks' residual functional capacity ("RFC"), despite finding Hicks' bipolar disorder to be non-severe, the ALJ mentioned the following regarding her mental impairments:

> She goes to outpatient counseling. She attempted suicide in June 2011 after her depression increased. She is bipolar and has panic attacks. She hears voices that are not there, mostly the voice of her daughter who passed away. She has trouble getting along with others. She cannot tolerate stress. She has trouble with attention and concentration. She has no hobbies. She cannot drive anymore. She does not shop, or go out to eat or to the movies. She gets her daughters up, feeds the fish, lets the dogs out, and goes back to bed. She spends most days in bed. She gets help with household chores.

4

Thus, the ALJ still considered Hicks' bipolar disorder when evaluating whether Hicks could perform light work as defined in 20 C.F.R. § 416.967(b).

B. **Substantial Evidence to Support the ALJ's Findings**

The court agrees with the Magistrate Judge that it cannot find a sufficient logical bridge supporting the ALJ's conclusion that "by her outpatient session in July 2011, her condition had improved significantly." Although the ALJ is not required "to provide a 'complete written evaluation of every piece of testimony and evidence,'" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004), he should have at least provided examples from the record to support his conclusion that her condition "improved significantly." A simple citation to the record is not enough to support such a conclusion.

Furthermore, the court notes that the ALJ failed to address Exhibit 37F when evaluating the four functional areas set out in the disability regulations for evaluating mental disorders. "While the ALJ need not articulate his reasons for rejecting every piece of evidence, he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position." *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000). As the Magistrate Judge found:

> The ALJ failed to include any evidence from the reports created after Hicks's June 2011 suicide attempt to support his finding that Hicks's daily living, social functioning, and concentration, persistence, and pace was mildly limited by her bipolar disorder. The ALJ's failure to reference this significant evidence in the record precludes a finding that the decision below is supported by substantial evidence.

Failing to consider such evidence precludes the court from fully evaluating the ALJ's reasoning. Therefore, the court adopts in part the Magistrate Judge's Report and Recommendation on this issue.

    **C.**    **GAF Scores**

The ALJ gave "little weight" to the GAF scores because "although GAF scores can be helpful in an [ALJ's] decision making process, they are considered a snapshot of functioning at the time of the examination but are not determinative of overall disability." ALJ decision p. 14, [Filing No. 13-2, at ECF p. 15](). The Magistrate Judge noted that the failure to mention multiple GAF scores does not require remand when the ALJ instead relies on the medical record's underlying narrative to support his finding." (Report and Recommendation p. 7, [Filing No. 23, at ECF p. 7]()) (citing *Yurt v. Colvin*, No. 1:12-cv-00246, 2013 WL 3421918, * 10 (N.D. Ind. Jul. 8, 2013).

The GAF scores are contained in the treatment notes comprising Exhibit 37F. Thus, the Magistrate Judge concluded that the ALJ should address the GAF scores when addressing the treatment notes. The court agrees with this conclusion. The court would not remand the case simply because the ALJ gave little weight to the GAF scores, but, as stated above, agrees that he must evaluate the medical records in which they are contained. Therefore, the court adopts in part this portion of the Magistrate Judge's Report and Recommendation.

    **D.**    **Hypothetical Question**

Neither party objected to the Magistrate Judge's recommendation concerning the hypothetical question. Furthermore, the court notes that a review of the Transcript from

the hearing before the ALJ, shows that the ALJ and Plaintiff's counsel asked a variety of hypothetical questions, some of which included her mental impairments. Therefore, the court adopts that portion of the Magistrate Judge's Report and Recommendation.

### E. Harmless Error

In evaluating whether the ALJ's error was harmless, the Magistrate Judge found it to be "a close call." The Magistrate Judge concluded that he could not predict with "great confidence" the same result on remand, and thus the error was not harmless. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). The Commissioner objects arguing that the Magistrate Judge erred because it is the Plaintiff's burden to show prejudicial error. *See Moses v. Colvin*, No. 2:13-cv-00235, JMS-MJD, 2014 WL 1659763, * 8 (Apr. 25, 2014) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). Plaintiff did not respond to the Commissioner's objections.

The court first notes that the ALJ, despite characterizing Hicks' bipolar disorder as non-severe, proceeded to the next steps and considered her mental impairments in evaluating Step 4. As such, the court cannot find that a finding of non-severe on Step 2 was prejudicial to Hicks, and Hicks offers no argument to the court to show that this finding was prejudicial. Because the burden to show that the error is prejudicial is on the Plaintiff, the court concludes that Hicks failed to meet her burden. The alleged error in finding her bi-polar disorder to be non-severe was therefore harmless.

Second the court finds that the ALJ's failure to fully consider Exhibit 37F was harmless. Hicks argued that if the ALJ had considered Exhibit 37F, he would have found her condition to be severe. The court disagrees. The treatment notes show the following:

7

- June 24, 2011 – "[Hicks] talked about what she learned from the [suicide attempt] and how it has changed her way of thinking about things. . . . [Hicks] dialogued about finding a new church that has helped her find some peace . . . ."

- July 7, 2011 - "Talked about [her] new faith and the church that she has found. Dialogued about the support system that she is building with the church." Boundaries set with her boys and her husband talking to her again.

- July 20, 2011 – "[Hicks] has started to benefit from individual therapy . . . is expanding her social and emotional support system . . . started making different choices about how she handles [her children.] [She] and her spouse are also actively working on reconciliation."

- July 21, 2011 - "[H]er interaction with her son's [sic] have triggered her depressive systems to worsen. Talked about the improvements in her relationship with her spouse. . . . She is starting to have thoughts about taking down the crib of her daughter who died."

- July 25, 2011 - "Patient reports the following symptoms: depressed mood, excessive worries."

- August 1, 2011 – "The PT has been compliant with treatment keeping appts and following treatment recommendations and seeing minor improvement in her over all mental health."

The treatment notes largely support the Commissioner's position that Hicks improved after her suicide attempt. Although terming the improvement as significant may be an

overstatement, the court agrees with the Commissioner that this is a harmless error. Exhibit 37F contains evidence to find that Hicks' mental health had improved. The court believes it can predict with great confidence that the same result would be reached. *See McKinzey*, 641 F.3d at 892. Therefore, the court finds the error to be harmless and declines to adopt the Magistrate Judge's Report and Recommendation on this point.

## IV. Conclusion

The court adopts in part the Magistrate Judge's Report and Recommendation as to the substantial evidence, GAF scores, and hypothetical question. The court, however, does not adopt the Magistrate Judge's recommendation on the issue of harmless error, and thus declines to remand the case for further consideration. Therefore, the court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation. ([Filing No. 23](Filing No. 23)).

**SO ORDERED** this 29th day of July 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record